IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORITA DAVIS and DESI ARNEZ DAVIS, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:18-cv-2720-B-BN |
| OCWEN LOAN SERVICING LLC, and THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | § § § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 21.

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2004-KS2 ("BNYM") (collectively, "Defendants") have filed a Motion to Dismiss Plaintiffs' Second Amended Complaint [Dkt. No. 33]. *See* Dkt. No. 36. Plaintiffs Lorita Davis and Desi Arnez Davis have filed a response, *see* Dkt. No. 41, and Defendants have filed a reply, *see* Dkt. No. 42.

The undersigned now issues the following findings of fact, conclusions of law, and

recommendation that the Court grant the motion to dismiss.

## Background

On January 15, 2004, Plaintiffs obtained a home equity loan from Homecomings Financial Network, Inc. to refinance their house located at 319 Sierra Way, Cedar Hill, Texas. They executed a Texas Home Equity Note (the "Note"), *see* Dkt. No. 33 at 12-16, and a Texas Home Equity Security Instrument (First Lien) (the "Deed of Trust"), *see id.* at 17-34.

Homecomings Financial Network, Inc. assigned the Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS"), *see id.* at 44-46, which assigned it to JPMorgan Chase Bank as Trustee, *see* Dkt. No. 36-1 at 48-49, which assigned it to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank N.A. as Trustee, *see id.* at 51, which assigned it to BNYM, *see id.* at 52. Plaintiffs made payments under the Note to GMAC Mortgage, LLC ("GMAC") as the servicer of Plaintiff's loan. *See* Dkt. No. 1-6 at 5. GMAC is the predecessor-in-interest to Defendant Ocwen. *See* Dkt. No. 1-6 at 5, ¶ 12.

Plaintiffs defaulted on the note, and, after sending notices of intent to accelerate and notices of acceleration, BNYM filed a series of expedited foreclosure actions. *See* Dkt. No. 1-6 at 5-8. GMAC, on behalf of BNYM, sent notices of acceleration to Plaintiffs on March 10, 2009, December 19, 2012, February 15, 2013, and December 11, 2015. *See* Dkt. No. 33 at 37-40; Dkt. No. 36-1 at 63-70, 72-77; Dkt. No. 36-3 at 72-78.

On April 29, 2016, the 162nd Judicial District Court of Dallas County, Texas entered a Home Equity Foreclosure Order authorizing BNYM to foreclose on the Property. *See* Dkt. No. 1-6 at 100-101.

On June 2, 2017, Plaintiffs filed an "independent action" in the 298th Judicial District Court of Dallas County, Texas. *See* Dkt. No. 36-2 at 2-3. Plaintiffs' sole claim was to "challenge the" April 29, 2016 "foreclosure order" obtained by Defendants "and to fully ascertain the true and nature and extent, if any, of any alleged default under the note, whether there is actually a default, the extent of that default, or whether proper notices have been given." *Id.* at 3. BNYM filed a motion for summary judgment on its counterclaims for an order allowing foreclosure and a declaration that BNYM was authorized to foreclose as owner and holder of the Note secured by the Property. *See* Dkt. No. 36-3. On August 10, 2018, the 298th District Court granted BNYM's motion and authorized BYNM to foreclose on the Property. *See* Dkt. No. 36-4.

Defendants set the Property for foreclosure sale on October 1, 2018. *See* Dkt. No. 1-6 at 7, ¶ 18.

On October 1, 2018, the date of the scheduled foreclosure sale, Plaintiffs filed suit in the 101st Judicial District Court of Dallas County, Texas. *See* Dkt. No. 1-6 at 8, ¶ 21. They filed an amended petition on October 2, 2018. *See id.* at 1. Plaintiffs sought a declaratory judgment declaring that the Deed of Trust was void and no longer enforceable because the four-year statute of limitations had run. According to Plaintiffs, the Note was accelerated and matured as of March 10, 2009, but, during the ensuing

nine years, Defendants had neither completed a foreclosure sale of the Property nor unilaterally abandoned or rescinded the March 10, 2009 notice of acceleration. *See id.* at 10-11.

Defendants removed the case to this Court on October 15, 2018. *See* Dkt. No. 1.

Defendants now move to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) on two grounds. First, Defendants argue that the doctrine of res judicata bars Plaintiffs from asserting a claim or defense based on the expiration of the statute of limitations. Second, Defendants argue that the limitations period has not expired because they abandoned the prior acceleration and reset the limitations period. *See* Dkt. No. 36.

The undersigned concludes that the motion to dismiss should be granted.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

-4-

U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to

relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's

-6-

complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this

issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

## Analysis

II.    <u>Plaintiffs have stated a claim for declaratory judgment.</u>

Plaintiffs seeks a judgment declaring that both the Note and Deed of Trust are void because Defendants did not exercise their rights under the Deed of Trust or seek enforcement of the Note within the statute of limitations period. *See* Dkt. No. 33 at 8.

Under Texas law, an action for foreclosure of a real property lien must be brought within four years of when the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). After the four-year limitation period expires, the real property lien becomes void and thus may no longer be foreclosed upon. *See id*. § 16.035(d). Where, as here, the note secured by the real property lien is payable in installments, "the four-year

-8-

limitations period does not begin to run until the maturity date of the last ... installment." *Id*. § 16.035(e). But, if the note contains an option to accelerate payment upon default, "'the action accrues ... when the holder actually exercises its option to accelerate.'" *Alcala v. Deutsche Bank Nat'l Trust Co.*, 684 F. App'x 436, 438 (5th Cir. 2017) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).

Plaintiffs argue that the statute of limitations began running on March 10, 2009 when BYNM sent the first notice of acceleration and that the Note and Deed of Trust became void because Defendants did not foreclose by March 10, 2013.

Defendants respond that BYNM abandoned the March 10, 2009 acceleration and that, as a result, the statute of limitations was reset and has not run.

A noteholder may unilaterally abandon acceleration after its exercise "'by requesting payment on less than the full amount of the loan.'" *Alcala*, 684 F. App'x at 439 (quoting *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015) (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015))). "Abandonment of acceleration has the effect of restoring ... the note's original maturity date" and thus resetting maturity of the last installment as the accrual date for the purpose of the statute of limitations. *Id.*

Defendants point to a December 19, 2012 notice of default and intent to accelerate as an example of BYNM's intent to abandon the previous acceleration. *See* Dkt. No. 36 at 10; Dkt. No. 36-1 at 55-70. Even if those notices were an abandonment

-9-

of the prior acceleration, Plaintiffs have plead a claim for declaratory judgment based on the running of the statute of limitations because Defendants filed their Second Amended Answer, First Amended Counterclaim and Original Third-Party Petition in the 2017 suit on July 7, 2017, which is seven months after the statute of limitations would have run on the purported new acceleration.

II.    Plaintiffs' claims are barred by res judicata

Defendants contend that Plaintiffs' claims are barred by res judicata because Plaintiffs failed to assert those claims as affirmative defenses in the 2017 lawsuit.

Dismissal for failure to state a claim under Rule 12(b)(6) may be based on an affirmative defense if the elements of the defense appear on the face of the pleadings or other matters of which the court may take judicial notice. *See Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Lexxus Int'l, Inc. v. Loghry*, 512 F. Supp. 2d 647, 668-69 (N.D. Tex. 2007). "Courts may take judicial notice of the judicial record in prior related proceedings." *Reneker v. Offill*, No. 3:08-cv-1394-D, 2010 WL 1541350, at *5 (N.D. Tex. April 19, 2010) (citing *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995)).

The doctrine of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2)

the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *See id.; see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

The parties agree that the first three conditions are met. In the 2017 action, Plaintiffs asserted claims against BNYM, and Ocwen is in privity with BNYM as a mortgage servicer with no independent right or claim to the Property. *See Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1174 (5th Cir. 1992) ("In short, parties which are sufficiently related to merit the application of claim preclusion are in privity."). The 298th Judicial District Court of Dallas County, Texas was a court of competent jurisdiction over the claims in the 2017 action. *See* TEX. CIV. PRAC. & REM CODE § 15.011. And the Court's order granting summary judgment and authorizing BNYM to foreclose was a final judgment on the merits. *See* Dkt. No. 36-4.

But Plaintiffs argue that the fourth condition – whether the same claim or cause of action is involved in both suits – has not been met.

To determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the

court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.; see also In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Plaintiffs' argue that the two suits did not involve the same claims or causes of action because they did not allege any claims or causes of action in the 2017 action. Instead, they assert that their "2017 petition is more akin to a declaratory judgment, asking the court 'to fully ascertain the true and nature and extent, if any, of any alleged default under the note, whether there is actually a default, the extent of that default, or whether proper notices have been given.'" Dkt. No. 41 at 11 (quoting Dkt. No. 36-2 at 3). Although "a judgment granting declaratory relief does not bar a subsequent action for supplement coercive relief unless such application was actually considered and denied in the original proceeding," *Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 335 (Tex. Civ. App.—Dallas 1973, writ ref'd n.r.e.), it does not follow, as Plaintiffs argue, that there is a blanket exception to the application of res judicata when the initial suit sought only a declaratory judgment. This is because courts have power to enforce declaratory judgments when the losing party fails to recognize the rights

-12-

declared by the judgment. *See id.* at 336.

And this suit is not like *Valley Oil Co.*, in which the plaintiffs sought additional coercive relief related to a prior declaratory judgment entered in their favor. Here, the prior court did not grant declaratory relief on Plaintiffs' challenge to the order allowing Defendants to foreclose on the Property. It granted summary judgment in Defendants' favor on their counterclaims to enforce their lien on the Property.

Thus, the issue is whether Plaintiffs could have raised the statute of limitations defense in response to Defendants' counterclaims in the prior suit. Plaintiffs filed the 2017 action to challenge the order allowing Defendants to foreclose on the Property. In response, Defendants filed counterclaims to enforce their lien on the Property, on which the trial court granted summary judgment. Both the 2017 action and this dispute relate directly to Defendants' attempt to foreclose on the Property, and so the two suits involve the same claim or causes of action and Plaintiffs could have asserted the statute of limitations as a defense to Defendants' counterclaims in the prior suit.

Accordingly, the undersigned recommends that the court grant Defendants' motion to dismiss with prejudice.

## Recommendation

The Court should grant Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint [Dkt. No. 33] and dismiss Plaintiffs' claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

-13-

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 27, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE