UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORITA DAVIS and DESI ARNEZ DAVIS, | § § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2720-B-BN |
| OCWEN LOAN SERVICING, LLC, et al., | § § § § § | |
| Defendants. | § | |

## ORDER OVERRULING PLAINTIFFS' OBJECTION AND ADOPTING THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiffs' Objection (Doc. 56) to the United States Magistrate Judge's Findings, Conclusions, and Recommendation (FCR) (Doc. 55). As set forth below, the Court **OVERRULES** Plaintiffs' objection and **ACCEPTS** the FCR.

## I.

## BACKGROUND

On May 24, 2019, Defendants Ocwen Loan Servicing, LLC and The Bank of New York Mellon Trust Company, National Association filed a motion to dismiss Plaintiffs' second amended complaint. Doc. 36, Mot. to Dismiss. In their motion, Defendants assert that to the extent Plaintiffs seek declaratory relief to prevent foreclosure on their property based on the expiration of the statute of limitations for foreclosure, this defense is barred by res judicata. *See id.* at 5.

Specifically, Defendants explain that in 2017, Plaintiffs brought a state-court action challenging a Home Equity Foreclosure Order pertaining to the same property at issue in this case.

*See id.* at 2. In the state-court action, the defendant—who is undisputedly in privity with Defendants in this case—brought counterclaims seeking an order permitting foreclosure and a declaration that foreclosure was authorized. *See id.* at 2–3. The state district court ultimately granted summary judgment in the state-court defendant's favor on the counterclaims. *Id.* at 3.

In this case, Defendants contend, Plaintiffs seek to prevent the same foreclosure that was at issue in the 2017 state-court action by bringing a claim for declaratory relief based on the expiration of the statute of limitations for seeking foreclosure. *Id.*[1] Defendants argue that since Plaintiffs could have raised the statute-of-limitations defense in response to the counterclaims in the 2017 action, the defense is now barred by res judicata. Doc. 36, Mot. to Dismiss, 5.

In his FCR, Judge Horan agreed. *See* Doc. 55, FCR, 10–13. Because the 2017 state-court action and the action before this Court involve the same claim or cause of action, Judge Horan reasoned, Plaintiffs could have raised their statute-of-limitations argument in response to the defendant's counterclaims in the 2017 action. *Id.* at 13. Accordingly, Judge Horan concluded that res judicata barred Plaintiffs' claim for declaratory relief and recommended that this Court grant Defendants' motion to dismiss with prejudice. *Id.* at 10, 13.

On February 7, 2020, Plaintiffs filed their objection to Judge Horan's FCR. *See* Doc. 56, Pls.' Obj. Defendants responded to the objection on February 21, 2020. *See* Doc. 57, Defs.' Resp. Accordingly, the matter is now ripe for the Court's review.

---

[1] Texas has a four-year statute of limitations for foreclosure on a real property lien. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). Here, Plaintiffs argue that the statute of limitations expired on March 13, 2013. *See* Doc. 41, Pls.' Resp., 10. Because Plaintiffs only objected to Judge Horan's application of res judicata, see Doc. 56, Pls.' Obj., 1–2, the Court need not consider the merits of Plaintiffs' statute-of-limitations argument.

## II.

## ANALYSIS

Rule 72(b) of the Federal Rules of Civil Procedure provides that within fourteen days after being served a copy of the magistrate judge's recommendation, a party may file specific written objections. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). "The district court must then 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made' before accepting, rejecting, or modifying those findings or recommendations." *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004) (quoting 28 U.S.C. § 636(b)(1)).

Here, Plaintiffs object to the application of res judicata, which would bar their ability to raise the statute of limitations as a basis for relief. *See* Doc. 56, Pls.' Obj., 1. Plaintiffs appear to make two arguments to support their objection: (1) Plaintiffs did not receive "a chance to be heard" on their statute-of-limitations defense; and (2) the application of res judicata, under the circumstances, would be inequitable. *See id.* at 2–3.

First, the Court rejects Plaintiffs' argument that they lacked the opportunity to litigate their statute-of-limitations defense in the 2017 action. *See id.* at 2. Res judicata applies only where: (1) the parties in the later action are either identical to or in privity with the parties in the first action; (2) the judgment in the first action was rendered by a court of competent jurisdiction; (3) the first action ended with a final judgment on the merits; and (4) both suits involve the same claim or cause of action. *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citation omitted). "If these conditions are satisfied, [res judicata] prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action

asserted in the prior action." *Id.* (citation omitted).

Here, only the final condition of res judicata—whether both suits involve the same cause of action—is disputed by the parties. *See* Doc. 41, Pls.' Resp., 7. Given that both the 2017 action and the action at hand involve Defendants' attempt to foreclose upon Plaintiffs' property, the Court agrees with Judge Horan that "the two suits involve the same claim or causes of action . . . ." Doc. 55, FCR, 13.

Further, the Court concludes that Plaintiffs could have raised their statute-of-limitations defense in opposition to the defendant's counterclaim in the 2017 action. Given that Plaintiffs assert that the statute of limitations expired in 2013, see Doc. 41, Pls.' Resp., 10, and the state-court action occurred in 2017, Plaintiffs *could have* asserted the statute of limitations as a defense to the defendant's counterclaim seeking authorization of the foreclosure in the 2017 action. *See Koncak v. Deutsche Bank Nation Tr. Co.*, 2017 WL 510343, at *1 (N.D. Tex. Feb. 8, 2017) (finding that a statute-of-limitations claim was ripe, and thus could have been brought in a prior declaratory-judgment action regarding whether a lien was enforceable, when the statute of limitations allegedly expired before the plaintiffs brought their prior action). Accordingly, the Court concludes that res judicata bars Plaintiffs from obtaining a declaratory judgment based on the statute of limitations in this subsequent action. *See Shanbaum*, 10 F.3d at 310 (citation omitted) (stating that res judicata bars " claim[s] or defense[s] . . . that . . . *could have been* raised in support of or in opposition to the cause of action asserted in the prior action").

Second, the Court declines to carve out an equitable exception to the application of res judicata based on Plaintiffs' suggestion that this involves an "extreme application" of res judicata. *See* Doc. 56, Pls.' Obj., 3. To create such an exception would be to disregard "the well-known rule that

a federal court may not abrogate principles of res judicata out of equitable concerns." *In re Teal*, 16 F.3d 619, 622 n.6 (5th Cir. 1994) (per curiam).

## III.

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiffs' objection in its entirety and **ORDERS** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 55) are **ACCEPTED**.

**SO ORDERED.**

**Dated: February 24, 2020.**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**