UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORITA DAVIS and DESI ARNEZ DAVIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-2720-B-BN |
| OCWEN LOAN SERVICING, LLC, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 60). For the reasons that follow, the Court **DENIES** Plaintiffs' motion (Doc. 60).

### I.

### BACKGROUND

On May 24, 2019, Defendants Ocwen Loan Servicing, LLC and The Bank of New York Mellon Trust Company, National Association filed a motion to dismiss Plaintiffs' second amended complaint. Doc. 36, Mot. to Dismiss. In their motion, Defendants asserted that to the extent Plaintiffs seek declaratory relief to prevent foreclosure on their property based on the expiration of the statute of limitations for foreclosure, this defense is barred by res judicata. *See id.* at 5.

Specifically, Defendants explained that in 2017, Plaintiffs brought a state-court action challenging a Home Equity Foreclosure Order pertaining to the same property at issue in this case. *See id.* at 2. In the state-court action, the defendant—who is undisputedly in privity with Defendants in this case—brought counterclaims seeking an order permitting foreclosure and a declaration that

foreclosure was authorized. *See id.* at 2–3. The state district court ultimately granted summary judgment in the state-court defendant's favor on the counterclaims. *Id.* at 3.

In this case, Defendants argued, Plaintiffs seek to prevent the same foreclosure that was at issue in the 2017 state-court action by bringing a claim for declaratory relief based on the expiration of the statute of limitations for seeking foreclosure. *Id.*[1] Defendants explained that because Plaintiffs could have raised the statute-of-limitations defense in response to the counterclaims in the 2017 action, the defense is now barred by res judicata. Doc. 36, Mot. to Dismiss, 5.

In his Findings, Conclusions, and Recommendation (FCR), Judge Horan agreed. *See* Doc. 55, FCR, 10–13. Because the 2017 state-court action and the action before this Court involve the same claim or cause of action, Judge Horan reasoned, Plaintiffs could have raised their statute-of-limitations argument in response to the defendant's counterclaims in the 2017 action. *Id.* at 13. Accordingly, Judge Horan concluded that res judicata barred Plaintiffs' claim for declaratory relief and recommended that this Court grant Defendants' motion to dismiss with prejudice. *Id.* at 10, 13.

Over Plaintiffs' objection, see Doc. 56, Pls.' Obj., this Court adopted Judge Horan's FCR and dismissed Plaintiffs' action. *See* Doc. 58, Order, 1; Doc. 59, Final J. The Court first agreed with Judge Horan that Plaintiffs could have brought their statute-of-limitations defense in state court. Doc. 58, Order, 4. Second, the Court rejected Plaintiffs' suggestion that the Court should decline to apply res judicata due to equitable concerns. *See id.* at 4–5; Doc. 56, Pls.' Obj., 3 (asking the Court "to balance the equities in the case").

---

[1] Texas has a four-year statute of limitations for foreclosure on a real property lien. *See* Tex. Civ. Prac. & Rem. Code § 16.035(a). Plaintiffs argue that the statute of limitations expired on March 13, 2013. *See* Doc. 41, Pls.' Resp., 10.

Now, Plaintiffs bring a motion for reconsideration of the Court's decision pursuant to Federal Rule of Civil Procedure 59(e). *See* Doc. 60, Pls.' Mot., 3. The Court has received all briefing on the motion, and it is now ripe for review.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Whether a motion falls under Rule 59(e) or 60(b) depends on when it was filed. *See id.*

In this case, Plaintiffs filed their motion twenty-eight days after the Court's entry of final judgment, so the motion was timely under Rule 59(e). Fed. R. Civ. P. 59(e) (requiring such motion to be filed "no later than 28 days after the entry of the judgment").

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) reconsideration does not serve as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479. Rather, it serves to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Therefore, it is "an extraordinary remedy that should be used sparingly." *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (quoting *Templet*, 367 F.3d at 479).

### III.

### ANALYSIS

In their motion, Plaintiffs, for the most part, reiterate the same arguments considered by the Court in dismissing Plaintiffs' claims.

Plaintiffs again contend that the state-court action and the present lawsuit do not involve the same claim or cause of action. *See* Doc. 60, Pls.' Mot., 5; Doc. 56., Pls.' Obj, 2–3.[2] But this Court has already rejected this argument, as Plaintiffs could have asserted their statute-of-limitations defense in state court. *See* Doc. 58, Order, 4. While Plaintiffs repeatedly emphasize that the statute-of-limitations issue was not actually litigated, this Court has already pointed out that res judicata bars not only claims or defenses that were raised in prior litigation—but also claims or defenses that could have been raised. *Id.* at 3–4.[3] Thus, the Court rejects Plaintiffs' attempt to "rehash[]" this argument here. *See Templet*, 367 F.3d at 479.

Next, Plaintiffs again invoke equitable concerns, urging the Court to apply the doctrine of res judicata in a manner that promotes fairness and justice. *See* Doc. 60, Pls.' Mot., 3–4; Doc. 56, Pls.' Obj., 3. Essentially, Plaintiffs ask the Court to conclude that res judicata does not bar Plaintiffs' statute-of-limitations defense so that the Court may thereby further the policies underlying statutes of limitations. *See* Doc. 60, Pls.' Mot., 3–4.

---

[2] In their reply brief, Plaintiffs clarify that "the crux" of their motion relates to equitable considerations, rather than whether they could have raised the statute-of-limitations defense in the state-court action. *See* Doc. 62, Pls.' Reply, 1–2. Nonetheless, the Court addresses their argument below.

[3] Though the Court relied upon federal law for this assertion, the same is true under Texas law. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992) (citations omitted); *Cooper v. City of Dallas*, 2008 WL 3380554, at *4 (N.D. Tex. Aug. 11, 2008) (citing *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)) ("When a federal court is asked to give preclusive effect to a state court judgment, the court applies state res judicata principles.").

But in the absence of authority suggesting otherwise, the Court's application of res judicata here "does not strike [the Court] as a result so unfair as to demand an abdication of the ordinary rules of finality." *Engleman Irrigation District v. Shields Brothers, Inc.*, 514 S.W.3d 746, 755 (Tex. 2017). And in any event, "[t]he doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case." *Mohamed v. Exxon Corp.*, 796 S.W.2d 751, 758 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)); *see also Zurita v. Lombana*, 322 S.W.3d 463, 475 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (emphasizing the Supreme Court of Texas's "adherence to the pragmatic application of the transactional approach to res judicata"). Accordingly, the Court again declines to disregard the result mandated by res judicata under Texas law for the sake of enforcing a statute of limitations.

Finally, Plaintiffs raise a new argument—that res judicata does not bar their lawsuit because it includes allegations of new facts or worsening conditions. *See* Doc. 60, Pls.' Mot., 6 (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955)). In support of this argument, Plaintiffs state only that "Defendants will persistently pursue an already time-barred foreclosure claim in blatant disregard of the [statute of limitations] if the Court does not intervene." *Id.* (citation omitted).

The Supreme Court has recognized that in the context of res judicata, one course of conduct may "give rise to more than a single cause of action," such as where the conduct alleged in a second action occurred "subsequent" to the entry of judgment in the first action. *Lawlor*, 349 U.S. at 327–28. Similarly, the Supreme Court of Texas has acknowledged that res judicata will not bar a second lawsuit where, between the first and subsequent lawsuit, "the facts have changed, or new facts have occurred which may alter the legal rights or relations of the parties." *Marino v. State Farm*

*Fire Ins. Co.*, 787 S.W.2d 948, 949–50 (Tex. 1990) (citations omitted).

Here, Plaintiffs have shown neither new conduct by Defendants nor "new facts" that "may alter the legal rights . . . of the parties." *Id.* (citations omitted). While Plaintiffs argue that Defendants will continue to pursue a time-barred foreclosure, this is not a new development in the case. Rather, Plaintiffs themselves argue that Defendants' foreclosure attempt was time-barred as of 2013. *See* Doc. 41, Pls.' Resp., 10. Accordingly, as of the 2017 state-court action, Plaintiffs allege, Defendants were seeking foreclosure after the applicable statute of limitations. Thus, Plaintiffs have not asserted new conduct or facts that prevent the application of res judicata.

## IV.

## CONCLUSION

For foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration (Doc. 60).

**SO ORDERED.**

Dated: May 4, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE